[No. H018225. Sixth Dist. Nov. 16, 1998.]

CITY OF SAN JOSE, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
ETI FAUTAU ETI, Real Party in Interest.

**COUNSEL**

Joan R. Gallo, City Attorney, George Rios, Assistant City Attorney, Tim Spangler, Deputy City Attorney, and Dana Ritchie for Petitioner.

John R. Tennant as Amicus Curiae on behalf of Petitioner.

No appearance for Respondent.

Jose R. Villarreal, Public Defender, and John Vaughn, Deputy Public Defender, for Real Party in Interest.

**OPINION**

**BAMATTRE-MANOUKIAN, J.**—The City of San Jose (the City) petitions this court for a writ of mandate or, in the alternative, a writ of prohibition directing respondent, the Santa Clara County Superior Court (the trial court), to vacate its order granting the motion for discovery of personnel records of certain officers of the San Jose Police Department filed by real party in interest Eti Fautau Eti (defendant) and to issue a new order denying defendant's discovery motion.

The City contends the trial court abused its discretion by ordering the release of the peace officers' personnel records.[1] We conclude that the trial court erred by releasing the records because defendant failed to make a showing of "good cause for the discovery or disclosure sought" (Evid. Code, § 1043, subd. (b)(3)) in that he failed to provide a "specific factual scenario" establishing a "plausible factual foundation" for his allegations of police misconduct. (*City of Santa Cruz* v. *Municipal Court* (1989) 49 Cal.3d 74, 85-86 [260 Cal.Rptr. 520, 776 P.2d 222].) We will therefore issue a writ of mandate commanding the trial court to vacate its order releasing the peace officers' personnel records and to issue a new order denying defendant's discovery motion.

### Factual and Procedural Background

Defendant was charged with receiving stolen property (Pen. Code, § 496) and possession of a firearm by a felon (Pen. Code, § 12021, subd. (a)(1)) after a search of his residence by four officers of the San Jose Police Department: Officers Knox, Ramirez, Berry and Brooks.

According to the police report, on July 12, 1996, Officers Knox and Ramirez conducted follow-up investigation on an assault which reportedly had occurred the previous day. They identified defendant as a possible suspect in the assault and discovered defendant had an outstanding arrest warrant. Officers Knox, Ramirez, Berry and Brooks went to defendant's residence, where the officers contacted Masele Taeleifi, the mother of defendant's children. Taeleifi initially stated that she was a friend of the family and explained that defendant rarely stayed at the house. Taeleifi gave the officers permission to search the residence for defendant. While searching, Officer Knox noticed photographs of defendant, Taeleifi, and their children. When he asked Taeleifi about the photographs, Taeleifi admitted she and defendant were involved in a relationship. Taeleifi then gave the officers permission to search the house for anything indicating defendant's whereabouts. Officer Ramirez located a man's jacket in a bedroom closet. He picked up the jacket and felt something heavy in one of the pockets. He recovered a .38-caliber revolver. Taeleifi stated that the jacket belonged to defendant, and that he had placed it in the closet several days earlier.

Defendant was subsequently arrested. He filed a pretrial discovery motion in which he requested records relating to complaints filed against the four officers "for any instance of relevant conduct, including: illegal search and seizure, improper handling of evidence, failure to follow standard and/or

---

[1] The San Jose Police Officer's Association filed an amicus curiae brief advocating the City's requested relief.

outlined police procedure, neglect of duty, dishonesty or deceit in the performance of duty, false arrest, fabrication of evidence or charges, or untruthfulness in the preparation of offense reports or while testifying under oath" and "for any act involving morally lax character." The information requested included: the names, addresses, phone numbers and custody status of persons filing such complaints; copies of police reports of the underlying incidents; statements and notes made during the investigation of the complaints; the names of persons investigating the complaints; investigation procedures; and the results of any investigations relating to the complaints.

Defendant's discovery motion was accompanied by the police report, as well as the declaration of defense counsel, which stated: "Defendant disputes the truthfulness of the allegations as set forth in the police report. At a motion to suppress and at trial if necessary, defendant intends to show the following: [¶] a. That knowing and voluntary consent to enter was not in fact obtained by the officers; and [¶] b. That material misrepresentations in the police report and/or in court testimony were made in order to conceal that fact; and [¶] c. That evidence disclosed during that search was mishandled by the officers to such an extent as to deny [defendant] a fair trial."

Defense counsel's declaration asserted that the peace officers' personnel records would be "relevant and admissible to show a propensity to act in such manner in the course of duty on this occasion," that the records "may be used to refresh the recollection of defense witnesses called to testify regarding such traits of character and/or to effectively cross-examine witnesses called by the People" and that the records "may also lead to additional admissible evidence through the efforts of the defense investigation."[2]

The City filed opposition to defendant's discovery motion. The City first argued the trial court should summarily deny defendant's discovery motion

---

[2]Defense counsel's declaration stated, in full: "1. I am a Deputy Public Defender for the County of Santa Clara and have been assigned to represent the defendant, . . . in the above-entitled case. Defendant has been charged with violations of Penal Code §§ 12021(a)(1) and 496. [¶] 2. A copy of San Jose Police Department offense report #96-194-1524, describing the search of 1741 Foley Avenue, San Jose, is attached to this motion as exhibit A. It alleges that while looking for [defendant] regarding another matter, the officers gained consent to perform a search of that residence. During that search, a handgun was allegedly found in a bedroom allegedly occupied by [defendant]. [¶] 3. Defendant disputes the truthfulness of the allegations as set forth in the police report. At a motion to suppress and at trial if necessary, defendant intends to show the following: [¶] a. That knowing and voluntary consent to enter was not in fact obtained by the officers; and [¶] b. That material misrepresentations in the police report and/or in court testimony were made in order to conceal that fact; and [¶] c. That evidence disclosed during that search was mishandled by the officers to such an extent as to deny [defendant] a fair trial. [¶] 4. In order to establish these defenses, the defense seeks to discover evidence of prior citizen complaints ·against the officers regarding previous acts of misconduct involving illegal search and seizure, improper handling of evidence, failure to follow standard and/or outlined police procedure, neglect of duty, dishonesty or deceit in the performance of duty, false arrest,

as to Officers Berry and Brooks because the police report was written by Officer Knox and it indicated only Officer Ramirez conducted the search. The City further argued that defendant failed to make a showing of "good cause for the discovery or disclosure sought" (Evid. Code, § 1043, subd. (b)(3)), in that he failed to provide adequate factual allegations to support the motion, and in that his request was overbroad and vague.

At the hearing on defendant's discovery motion, held January 28, 1998, the trial court found "good cause shown to go ahead and conduct an in camera [review]" of the peace officers' personnel records to determine whether any of the records were relevant and should be released. (See Evid. Code, § 1045, subd. (a).) The trial court rejected the City's argument that the discovery motion should be limited to Officers Knox and Ramirez, ruling that defendant's "allegation of untruthfulness with regard to the consent issue . . . would apply to all of the officers." The trial court also denied the City's request to limit its in camera review of the peace officers' personnel records to "the illegal search and seizure issue," ruling that the records "would relate to credibility issues." The trial court explained: "Essentially it's failure to follow proper procedures, and it's credibility issues to the extent there are complaints on those areas, and I think they are included."

After conducting the in camera review of the peace officers' personnel records, the trial court ruled that it would release "the names and telephone numbers of certain complain[ing] witnesses . . . with regard to four separate cases," as well as "the results of internal investigation" with regard to those four cases.

---

fabrication of evidence or charges, untruthfulness in the preparation of offense reports or while testifying under oath or other acts indicating morally lax character. The information sought is material and relevant and is necessary in order to properly prepare the case for trial. Such evidence, whether in the form of opinion, reputation or specific instances of conduct, is relevant and admissible to show a propensity to act in such manner in the course of duty on this occasion. Further, this information, may be used to refresh the recollection of defense witnesses called to testify regarding such traits of character and/or to effectively cross-examine witnesses called by the People. The information may also lead to additional admissible evidence through the efforts of the defense investigation. [¶] 5. I am informed and believe and therefore allege that the San Jose Police Department maintains records, documents and other evidence in officers' personnel files and/or elsewhere regarding complaints filed by private citizens and other law enforcement personnel alleging illegal, unethical, dishonest, improper or unprofessional conduct of the nature requested herein. Said department may also have in its possession records and information regarding the investigation of such complaints and the results thereof conducted by the department's Internal Affairs Bureau or other investigators at the direction of the department. [¶] 6. The records, documents and information sought are in the exclusive possession and control of the law enforcement agency, the agency attorneys, and/or the Office of the District Attorney and are readily available to them. These materials are not known to either defendant or counsel and are not available to the defense except upon order of this court."

On March 12, 1998, the City sought review of the trial court's order in this court, by way of petition for writ of mandate or, in the alternative, a writ of prohibition. On March 24, 1998, we filed an order staying the trial court's order requiring disclosure of the peace officers' personnel records. We ordered the trial court to transmit to this court a complete copy of the reporter's transcript of the January 28, 1998, proceedings, including the sealed transcript of the in camera hearing as well as copies of all records it had ordered disclosed. We ordered the City to file under seal copies of all records that the trial court had been provided with at the in camera hearing. On June 19, 1998, we issued an alternative writ of mandate and order to show cause to real party in interest.

### Statutory Background

In *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305], the defendant was charged with battery against four deputy sheriffs. Prior to trial, he moved for discovery of records of investigations of citizens' accusations of excessive force by the four deputies. The defendant asserted that at trial he would claim that he acted in self-defense in response to the deputies' use of excessive force and argued that the requested records were necessary as character evidence regarding the deputies' tendency for violence supporting his defense.

The California Supreme Court held that a criminal defendant has a limited right to discovery of peace officer personnel records "based on the fundamental proposition that he [or she] is entitled to a fair trial and an intelligent defense in light of all relevant and reasonably accessible information." (*Pitchess v. Superior Court, supra,* 11 Cal.3d at p. 535.) The court noted that "in contrast to the formal requirements of civil discovery, an accused in a criminal prosecution may compel discovery by demonstrating that the requested information will facilitate the ascertainment of facts and a fair trial." (*Id.* at p. 536.) The court explained that "[t]he requisite showing may be satisfied by general allegations which establish some cause for discovery other than 'a mere desire for the benefit of all information which has been obtained by the People in their investigation of the crime.' [Citations.]" (*Id.* at p. 537.)

The *Pitchess* court further noted that "[e]ven upon a showing of good cause, however, the right of an accused to obtain discovery is not absolute." (*Pitchess v. Superior Court, supra,* 11 Cal.3d at p. 538.) The court explained that a court considering an accused's discovery motion " 'retains wide discretion to protect against the disclosure of information which might unduly hamper the prosecution or violate some other legitimate government

interest.' [Citations.]" (*Ibid.*, quoting *Joe Z.* v. *Superior Court* (1970) 3 Cal.3d 797, 804 [91 Cal.Rptr. 594, 478 P.2d 26].)

The guidelines specified in *Pitchess* were articulated " 'in the absence of legislation.' " (*Pitchess* v. *Superior Court, supra,* 11 Cal.3d at p. 536.) Thus, in 1978, the Legislature "codified the privileges and procedures surrounding what had come to be known as '*Pitchess* motions' " by enacting Penal Code sections 832.7 and 832.8 and Evidence Code sections 1043 through 1045. (*City of Santa Cruz* v. *Municipal Court, supra,* 49 Cal.3d at p. 81; Stats. 1978, ch. 630, §§ 1-3, 5, 6, pp. 2082-2083.)

Penal Code section 832.7 provides that "[p]eace officer personnel records . . . are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code." Penal Code section 832.8 specifies that peace officer personnel records include "any file maintained under that individual's name by his or her employing agency and containing records relating to . . . [¶] . . . [¶] (d) Employee advancement, appraisal, or discipline; [¶] (e) Complaints, or investigations of complaints, concerning an event or transaction in which he or she participated, or which he or she perceived, and pertaining to the manner in which he or she performed his or her duties; or [¶] (f) Any other information the disclosure of which would constitute an unwarranted invasion of personal privacy."

Evidence Code sections 1043 and 1045 set out a two-step process for discovery of peace officer personnel records. Evidence Code section 1043[3] specifies that the moving party must submit a written motion which contains

---

[3]Evidence Code section 1043 provides: "(a) In any case in which discovery or disclosure is sought of peace officer personnel records or records maintained pursuant to Section 832.5 of the Penal Code or information from those records, the party seeking the discovery or disclosure shall file a written motion with the appropriate court or administrative body upon written notice to the governmental agency which has custody and control of the records. The written notice shall be given at the times prescribed by subdivision (b) of Section 1005 of the Code of Civil Procedure. Upon receipt of the notice the governmental agency served shall immediately notify the individual whose records are sought.

"(b) The motion shall include all of the following: [¶] (1) Identification of the proceeding in which discovery or disclosure is sought, the party seeking discovery or disclosure, the peace officer whose records are sought, the governmental agency which has custody and control of the records, and the time and place at which the motion for discovery or disclosure shall be heard. [¶] (2) A description of the type of records or information sought. [¶] (3) Affidavits showing good cause for the discovery or disclosure sought, setting forth the materiality thereof to the subject matter involved in the pending litigation and stating upon reasonable belief that the governmental agency identified has the records or information from the records.

"(c) No hearing upon a motion for discovery or disclosure shall be held without full compliance with the notice provisions of this section except upon a showing by the moving

"[a] description of the type of records or information sought," supported by "[a]ffidavits showing good cause for the discovery or disclosure sought, setting forth the materiality thereof to the subject matter involved in the pending litigation and stating upon reasonable belief that such governmental agency identified has such records or information from such records." (Evid. Code, § 1043, subd. (b).) The moving party must also provide notice to the governmental agency which possesses the records, and the agency must, in turn, notify the person whose records are sought. (Evid. Code, § 1043, subd. (a).)

Evidence Code section 1045[4] specifies that once the moving party has made a showing of good cause for disclosure of peace officer personnel records, the trial court proceeds to an in chambers examination of the records to determine whether they have any relevance to the issues presented in the current proceedings. During this examination, the trial court must exclude "complaints concerning conduct occurring more than five years before the event or transaction which is the subject of the litigation in aid of which discovery or disclosure is sought," "the conclusions of any officer investigating a complaint," and "[f]acts . . . which are so remote as to make

---

party of good cause for noncompliance, or upon a waiver of the hearing by the governmental agency identified as having the records."

[4]Evidence Code section 1045 provides: "(a) Nothing in this article shall be construed to affect the right of access to records of complaints, or investigations of complaints, or discipline imposed as a result of such investigations, concerning an event or transaction in which the peace officer participated, or which he perceived, and pertaining to the manner in which he performed his duties, provided that such information is relevant to the subject matter involved in the pending litigation.

"(b) In determining relevance the court shall examine the information in chambers in conformity with Section 915, and shall exclude from disclosure: [¶] (1) Information consisting of complaints concerning conduct occurring more than five years before the event or transaction which is the subject of the litigation in aid of which discovery or disclosure is sought. [¶] (2) In any criminal proceeding the conclusions of any officer investigating a complaint filed pursuant to Section 832.5 of the Penal Code. [¶] (3) Facts sought to be disclosed which are so remote as to make disclosure of little or no practical benefit.

"(c) In determining relevance where the issue in litigation concerns the policies or pattern of conduct of the employing agency, the court shall consider whether the information sought may be obtained from other records maintained by the employing agency in the regular course of agency business which would not necessitate the disclosure of individual personnel records.

"(d) Upon motion seasonably made by the governmental agency which has custody or control of the records to be examined or by the officer whose records are sought, and upon good cause showing the necessity thereof, the court may make any order which justice requires to protect the officer or agency from unnecessary annoyance, embarrassment or oppression.

"(e) The court shall, in any case or proceeding permitting the disclosure or discovery of any peace officer records requested pursuant to Section 1043, order that the records disclosed or discovered may not be used for any purpose other than a court proceeding pursuant to applicable law."

disclosure of little or no practical benefit." (Evid. Code, § 1045, subd. (b)(1), (2), (3).) Evidence Code section 1045 also provides the governmental agency and the peace officer whose records have been requested with the right to move for a protective order, thus assuring the officer of due process and protecting him or her from "neglect on the part of his or her employer." (*City of Fresno* v. *Superior Court* (1988) 205 Cal.App.3d 1459, 1472 [253 Cal.Rptr. 296].)[5]

■ As the California Supreme Court recognized in *City of Santa Cruz* v. *Municipal Court, supra,* 49 Cal.3d at page 84, this statutory scheme "carefully balances two directly conflicting interests: the peace officer's just claim to confidentiality, and the criminal defendant's equally compelling interest in all information pertinent to his [or her] defense." The court further explained: "The relatively relaxed standards for a showing of good cause under section 1043, subdivision (b)—'materiality' to the subject matter of the pending litigation and a 'reasonable belief' that the agency has the type of information sought—insure the production for inspection of all potentially relevant documents. The in camera review procedure and disclosure guidelines set forth in section 1045 guarantee, in turn, a balancing of the officer's privacy interests against the defendant's need for disclosure." (*Ibid.*)

In *People* v. *Memro* (1985) 38 Cal.3d 658, 680 [214 Cal.Rptr. 832, 700 P.2d 446], the California Supreme Court recognized that in adopting the above provisions of the Evidence Code and Penal Code, the Legislature "not only reaffirmed but expanded" the principles of *Pitchess*. Thus, while *Pitchess* arose in the context of a defendant charged with battery upon four deputy sheriffs who sought to discover the deputies' personnel records in order to support his claim of self-defense, the Supreme Court concluded that the above statutes "do not limit discovery of such records to cases involving altercations between police officers and arrestees." (*Id.* at p. 679.)

*Discussion*

■ The City contends that the trial court abused its discretion by granting defendant's *Pitchess* motion because defendant failed to make a showing of "good cause for the discovery or disclosure sought," as required by Evidence Code section 1043, subdivision (b)(3).

---

[5]This court recently held that ". . . where the People seek discovery of the peace officer personnel records of a criminal defendant who was not employed as a police officer at the time the crime was allegedly committed, the district attorney is not exempted under the provisions or Penal Code 832.7, subdivision (a), and must comply with the requirements of Evidence Code sections 1043 et seq." (*People* v. *Superior Court* (*Gremminger*) (1997) 58 Cal.App.4th 397, 407 [67 Cal.Rptr.2d 910].)

*Standard of Review*

 "A motion for discovery of peace officer personnel records is 'addressed solely to the sound discretion of the trial court.' (*Pitchess* v. *Superior Court, supra,* 11 Cal.3d at p. 535.) A review of the lower court's ruling is subject to an abuse of discretion standard." (*People* v. *Gill* (1997) 60 Cal.App.4th 743, 749 [70 Cal.Rptr.2d 369]; see also *People* v. *Memro, supra,* 38 Cal.3d at p. 684.)

*Good Cause Showing*

 As explained above, under Evidence Code section 1043, subdivision (b)(3), a party moving for discovery of peace officer personnel records must include "[a]ffidavits showing good cause for the discovery or disclosure sought, setting forth the materiality thereof to the subject matter involved in the pending litigation . . . ."

At the outset, we reject the City's contention that defendant failed to make a showing of "good cause for the discovery or disclosure sought" (Evid. Code, § 1043, subd. (b)(3)) because he failed to attach a declaration from Taeleifi, the percipient witness. Our Supreme Court has made it clear that "[s]ection 1043 contains no requirement of 'personal knowledge' on the part of the affiant" and that affidavits supporting motions for discovery of peace officer personnel records may be based merely on "information and belief." (*City of Santa Cruz* v. *Municipal Court, supra,* 49 Cal.3d at pp. 86, 89.) The court explained: "[T]he legislative history demonstrates that the notion of requiring a showing of materiality based on 'personal knowledge' and 'full detail' of the relevant facts was considered and expressly *rejected* by the legislative draftsmen. The legislative history, the case law background, and the statutory language all point to the same conclusion: the 'materiality' component of section 1043, subdivision (b) may be satisfied by affidavits based on information and belief." (*Id.* at p. 89, italics in original.)

The City argues that because the rule that an affidavit in support of a criminal defendant's discovery motion need not be based on personal knowledge protects a criminal defendant's Fifth Amendment privilege against self-incrimination (see *City of Redding* v. *Municipal Court* (1988) 200 Cal.App.3d 1181, 1187 [246 Cal.Rptr. 417]), the rule should not apply where the defendant is not the percipient witness. However, as stated above, the Supreme Court's rationale for concluding that an affidavit may be based on information and belief rather than personal knowledge was not based on the Fifth Amendment. Moreover, we find no basis for reading the *City of Santa Cruz* opinion as limiting the rule to situations where the defendant is the percipient witness.

■ We next consider the City's contention that defendant failed to make a showing of "good cause for the discovery or disclosure sought" because defense counsel's supporting declaration failed to set forth a "specific factual scenario" which provided sufficient information to allow the trial court to assess whether the records were material "to the subject matter involved in the pending litigation." (Evid. Code, § 1043, subd. (b)(3).) The "specific factual scenario" language upon which the City relies is found in *City of Santa Cruz* v. *Municipal Court, supra,* 49 Cal.3d at page 85. In that case, the defendant was charged with resisting arrest (Pen. Code, § 148) and exhibiting a knife (Pen. Code, § 417). He moved for discovery of complaints regarding the arresting officers' use of excessive force in effecting arrests. His motion was supported by police reports and the declaration of defense counsel. The police reports indicated that the defendant resisted arrest and that in order to effect the arrest, one of the officers struck the defendant with his fist and wrestled him to the ground. The declaration alleged that the officers handcuffed the defendant, threw him to the ground, and stepped on his head, thereby using excessive force and rendering the arrest illegal. The declaration stated that complaints of similar behavior by the officers would show the officers' propensity to use excessive force in effecting arrests.

The court in *City of Santa Cruz* concluded that the defendant had made a showing of good cause for discovery of such records: "The police reports make clear that considerable force was used to effect the arrest. Counsel's declaration asserts that the officers used excessive force 'so as to make said arrest illegal and otherwise improper.' The declaration sets forth, on the basis of information and belief, a specific factual scenario to support that assertion. Counsel avers that she seeks the information relating to prior complaints of excessive force against the arresting officers to 'show a tendency or propensity on the part of the arresting officers[s] herein to engage in the use of unlawful and excessive force in the execution of the arrests.' [¶] Viewed in conjunction with the police reports, counsel's averments establish a plausible factual foundation for an allegation of excessive force, put the court on notice that the officers' alleged use of excessive force will likely be an issue at trial, and articulate a valid theory as to how the information sought might be admissible. [Citations.]" (*City of Santa Cruz* v. *Municipal Court, supra,* 49 Cal.3d at pp. 85-86.)

In this case, counsel's declaration, considered in conjunction with the police report, failed to make a showing of "good cause for the discovery or disclosure sought" under Evidence Code section 1043, subdivision (b)(3) because it did not provide a "specific factual scenario" establishing a "plausible factual foundation" for the three allegations of police misconduct and therefore did not set forth the materiality of "the discovery or disclosure

sought" to "the subject matter involved in the pending litigation." (See *City of Santa Cruz* v. *Municipal Court, supra,* 49 Cal.3d at pp. 85-86; Evid. Code, § 1043, subd. (b)(3).) We will consider each of defense counsel's three allegations separately.

Defense counsel first declared that "knowing and voluntary consent to enter was not in fact obtained by the officers." The declaration did not specify whether the officers coerced Taeleifi into consenting (and if so, what means of coercion the police employed), or whether the officers simply failed to obtain Taeleifi's consent. The police report sheds no further light on this issue. The only relevant statements in the police report were "Taeleifi gave us permission to look around the house for the suspect" and "Taeleifi gave us permission to look around the house for anything that might indicate [defendant's] whereabouts." Without a "specific factual scenario" establishing a "plausible factual foundation" for the allegations of police misconduct, the trial court could not properly determine whether the "discovery or disclosure sought" was material to "the subject matter involved in the pending litigation." (See *City of Santa Cruz* v. *Municipal Court, supra,* 49 Cal.3d at pp. 85-86; Evid. Code, § 1043, subd. (b)(3).)

Defense counsel's second allegation was that "material misrepresentations in the police report and/or in court testimony were made in order to conceal" the fact that "knowing and voluntary consent to enter was not in fact obtained by the officers." Again, the declaration failed to provide a "specific factual scenario" establishing a "plausible factual foundation" for this allegation. (*City of Santa Cruz* v. *Municipal Court, supra,* 49 Cal.3d at pp. 85-86.) Defendant did not specify which particular statement or statements in the police report or in the officers' testimony contained material misrepresentations, nor did he explain in what respect the statements were incorrect.

Defense counsel's third allegation was that "evidence disclosed during that search was mishandled by the officers to such an extent as to deny [defendant] a fair trial." As with the previous two allegations, defendant's motion did not provide a "specific factual scenario" establishing a "plausible factual foundation" for this assertion. (*City of Santa Cruz* v. *Municipal Court, supra,* 49 Cal.3d at pp. 85-86.) The police report stated that the officers took as evidence the jacket in which they discovered the gun, the gun itself, the bullets, a phone bill, and defendant's driver's license, and that the seized evidence was booked at "central supply." Defendant not only failed to specify which item or items of evidence were mishandled but also failed to specify how the evidence was mishandled. The declaration did not assert that booking evidence at central supply was an improper procedure, or that the evidence was not in fact booked at central supply, or that the evidence was mishandled in some other respect.

In arguing that he did make a showing of good cause for discovery of the peace officers' personnel records, defendant points out that defense counsel made additional factual allegations during the hearing on the discovery motion. At the hearing, defense counsel asserted: "The facts as adduced at the preliminary [hearing] on this matter show that this search happened around 11:30 at night. [¶] The house in question was surrounded by two officers at the rear door and Officers Ramirez and Knox at the front door. [¶] It was also adduced that subsequently, those two officers at the rear door came around and did enter the house, they occupied the house for about two and a half hours at the time of night in the house occupied by [Taeleifi], I believe, and her two children as well. [¶] Our contention is that the failure of the lack of consent was ongoing throughout that two and a half hour period . . . ."

Our record does not contain the preliminary hearing transcript. However, even if the trial court could properly consider defense counsel's oral argument based on the preliminary hearing transcript, we conclude defendant still did not make a showing of "good cause for the discovery or disclosure sought." (Evid. Code, § 1043, subd. (b)(3).) While defense counsel provided additional facts relating to the search, he did not clear up any of the ambiguities in his declaration. His reference to "the failure of the lack of consent" did not help clarify whether the officers coerced Taeleifi into giving consent or whether they simply failed to obtain her consent, and none of his comments clarified the ambiguities relating to the allegations that the officers mishandled evidence and made misstatements in the police reports.

Defendant cites *People* v. *Memro, supra,* 38 Cal.3d 658 in support of his claim that defense counsel's declaration was sufficient to make a good cause showing under Evidence Code section 1043, subdivision (b)(3). In *Memro,* the defendant was charged with murder after he confessed to two killings. He moved to suppress his confession and moved for discovery of records of complaints relating to the interrogating officers' use of excessive force, aggressive behavior, and violence. Defense counsel's declaration asserted that the defendant's confession " 'came after an illegal arrest, promises of leniency, and threats of violence by the officers present' " and that the requested materials would be admissible to show it was the officers' habit or custom to engage in violent behavior and to show the officers' common plan, motive or intent to coerce confessions. (38 Cal.3d at p. 680; see Evid. Code, §§ 1101, subd. (b), 1105.) The court concluded that defense counsel's declaration "satisfied *Pitchess* and Evidence Code section 1043." (38 Cal.3d at p. 682.) The court reasoned that while "the factual allegations could have been more specific," the declaration at least "articulated a theory as to how the information would be used" in litigating the question whether the

confession was coerced, which "went far beyond expressing 'a mere desire for the benefit of all information' which was in the prosecutor's hands." (*Ibid.*)

*Memro* is clearly distinguishable from the instant case. There, by asserting that his confession was coerced by promises of leniency and threats of violence, the defendant provided a "specific factual scenario" establishing a "plausible factual foundation" for the allegations of police misconduct and which thereby enabled the trial court to determine the materiality of "the discovery or disclosure sought" to "the subject matter involved in the pending litigation." (See *City of Santa Cruz* v. *Municipal Court, supra,* 49 Cal.3d at pp. 85-86; Evid. Code, § 1043, subd. (b)(3).)

Here, defendant asserted that "knowing and voluntary consent to enter was not in fact obtained," without explaining in what respect the search was illegal. Similarly, defendant only asserted that the police reports contained "material misrepresentations" and that the police had "mishandled" evidence, without explaining what the misrepresentations were, what items of evidence were mishandled, or how the evidence was mishandled. He therefore failed to provide a "specific factual scenario" establishing a "plausible factual foundation" for the allegations. (*City of Santa Cruz* v. *Municipal Court, supra,* 49 Cal.3d at pp. 85-86.)[6] Without some notice of the specifics of the allegedly improper police conduct, the trial court could not determine whether "the discovery or disclosure sought" was material to "the subject matter involved in the pending litigation." (Evid. Code, § 1043, subd. (b)(3).)

*People* v. *Gill, supra,* 60 Cal.App.4th 743 is consistent with the principle that, in order to make a showing of "good cause" under Evidence Code section 1043, the defendant must provide a "specific factual scenario" establishing a "plausible factual foundation" for allegations of police misconduct. In *Gill,* the defendant was charged with possession of cocaine (Health & Saf. Code, § 11350, subd. (a)). According to the arresting officer, the defendant attempted to remove certain items from his jacket pocket while the officer was searching him. The officer stated that he then placed the defendant in a "twist lock," and then took the defendant to the ground and

---

[6]We note that the requirement of a "specific factual scenario" which provides a "plausible factual foundation" for allegations of police misconduct does not mean that a defendant must "elect between available defenses for the purpose of presenting a discovery motion." (*Kelvin L.* v. *Superior Court* (1976) 62 Cal.App.3d 823, 829 [133 Cal.Rptr. 325] [juvenile charged with battery upon a police officer need not concede he struck officer in order to show good cause for discovery of excessive force complaints]; see also *State of California* ex rel. *Dept. of Transportation* v. *Superior Court* (1985) 37 Cal.3d 847, 855-856 [210 Cal.Rptr. 219, 693 P.2d 804].)

handcuffed him. (*People* v. *Gill, supra,* 60 Cal.App.4th at p. 746.) The defendant asserted, through counsel, that he planned to show that the arresting officer had planted the cocaine on defendant to cover up his use of excessive force, and he moved for discovery of confidential personnel file materials relating to the arresting officer's prior use of violence and excessive force, his fabrication of probable cause, and his planting of evidence to cover up his violence or use of excessive force. The Court of Appeal concluded the defendant's assertions were sufficient to make a showing of good cause under Evidence Code section 1043, subdivision (b)(3). (60 Cal.App.4th at p. 750.)

Here, by contrast, defendant alleged only that the police failed to obtain "knowing and voluntary consent to enter," made "material representations in the police report," and "mishandled" evidence. He did not provide a "specific factual scenario" establishing a "plausible factual foundation" for such allegations. (*City of Santa Cruz* v. *Municipal Court, supra,* 49 Cal.3d at pp. 85-86.) The allegations were too general to allow the trial court to properly determine whether "the discovery or disclosure sought" would be material to "the subject matter involved in the pending litigation." (Evid. Code, § 1043, subd. (b)(3).)

In addition, defendant's discovery request was overly broad. Defendant did not simply request peace officer personnel records pertinent to a specific factual scenario (i.e., complaints that the officers had coerced consent to search or complaints that the officers had failed to obtain consent to search). Instead, he requested peace officer personnel records relating to "illegal search and seizure" and complaints of "neglect of duty, dishonesty or deceit in the performance of duty, false arrest" and acts "involving morally lax character." In this respect, the instant case is similar to *People* v. *Memro, supra,* 38 Cal.3d 658. In *Memro,* the defendant requested all complaints of excessive force by the officers present during his interrogation. The court concluded the request was overly broad, reasoning: "Since appellant sought the information to bolster his claim of involuntariness in the interrogation setting, only complaints by persons who alleged coercive techniques in questioning were relevant." (*Id.* at p. 685.)

We conclude, under the guidance of the California Supreme Court's decisions in *Pitchess, Memro,* and *City of Santa Cruz,* that the trial court abused its discretion by finding that defendant made a showing of "good cause for the discovery or disclosure sought" pursuant to Evidence Code section 1043, subdivision (b)(3).

## *Disposition*

Let a peremptory writ of mandate issue commanding respondent court to vacate its January 28, 1998, order requiring production of peace officer

personnel records, and to issue a new order denying defendant's motion for discovery. Our temporary stay of the proceedings is hereby vacated.

Cottle, P. J., and Mihara, J., concurred.

On December 11, 1998, the opinion was modified to read as printed above.