Filed 4/22/14  P. v. Sandoval CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058197 |
| v. | (Super.Ct.No. RIF1200719) |
| AMADOR JUNIOR SANDOVAL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Michael B. Donner, Judge.  Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Amador Sandoval is serving seven years and four months in prison as a second striker for leading police on a car chase in a stolen vehicle and then resisting

1

arrest. Defendant argues the trial court erred when it failed to instruct the jury that it could convict him of misdemeanor evading an officer rather than felony evading an officer. Defendant also asks this court to independently examine the sealed transcript of the *in camera* hearing on his motion under *Pitchess v. Superior Court* (1974) 11 Cal.3d 531. As discussed below, we find no basis for the court to have instructed the jury on misdemeanor evading an officer. In addition, we have examined the sealed transcript of the trial court's examination of the arresting deputies' personnel records and find nothing discoverable.

## FACTS AND PROCEDURE

On March 6, 2012, Sheriff's Deputy Schmidt was driving a Dodge Magnum "stealth police vehicle" in Moreno Valley, along with his partner, Deputy Moline. The vehicle was unmarked, but was equipped with about 20 flashing red and blue lights and a siren. At the instruction of another deputy, who had been surveilling defendant for a few days as part of a Narcotics Enforcement Team, Deputy Schmidt began to follow a black Acura being driven by defendant.

Deputy Schmidt followed the Acura down a major street, Cottonwood Avenue, and into a residential area at high speeds.[1] The Acura made several turns without signaling or stopping at stop signs. After Deputy Schmidt activated his siren and lights, defendant continued to speed, made two left turns without signaling, ran a stop sign, and

---

[1] Defendant's request for judicial notice of a Google street map depicting the area of the car chase, filed June 21, 2013, is granted.

then finally ran up a curb and hit a signpost. The Acura was disabled. Defendant and a passenger both left the car and ran in different directions. Defendant was eventually found hiding underneath a truck in the neighborhood and was apprehended with the help of a K-9 unit. The black Acura had been reported stolen six weeks previously.

Prior to trial, defendant filed a *Pitchess* motion seeking evidence or complaints of excessive force against, and/or false statements made by Sheriff's Deputies Schmidt and Moline, along with those of another deputy. The trial court granted the motion as to evidence regarding the honesty and credibility of Deputies Schmidt and Moline because these two had identified defendant as the driver of the Acura, whereas defendant claimed he was only a passenger. After conducting an *in camera* review of the deputies' personnel files, the court stated it found nothing discoverable.

On January 14, 2013, a jury convicted defendant of receiving a stolen vehicle (Pen. Code, § 496d, subd. (a)), felony evading a peace officer (Veh. Code, § 2800.2) and misdemeanor resisting or delaying a peace officer (Pen Code, § 148, subd. (a)(1)).[2] The jury acquitted defendant of possessing and transporting methamphetamine. (Health & Saf. Code, §§ 11377, subd. (a) & 11379, subd. (a).) Defendant admitted to having a prior strike conviction (§§ 667, subd. (c), (e)(1) & 1170.12, subd. (c)(1)) and to having served two prior prison terms (§ 667.5, subd. (b)).

On March 1, 2013, the trial court sentenced defendant to a total of seven years and four months in prison as follows: the middle term of two years, doubled to four as a

---

[2] All section references are to the Penal Code unless otherwise indicated.

second strike for receiving a stolen vehicle, plus one year and four months for felony evading a peace officer, plus two one-year terms for the prison priors. The term for the misdemeanor resisting a peace officer was stayed.

This appeal followed.

**DISCUSSION**

1. *There Was No Instructional Error*

Defendant contends the trial court erred when it failed to instruct the jury on misdemeanor evasion of a peace officer as a lesser-included offense of felony evasion of a peace officer.

"A court must instruct sua sponte on general principles of law that are closely and openly connected with the facts presented at trial. [Citations.] This sua sponte obligation extends to lesser included offenses if the evidence 'raises a question as to whether all of the elements of the charged offense are present and there is evidence that would justify a conviction of such a lesser offense. [Citations.]' [Citations.] . . . 'A criminal defendant is entitled to an instruction on a lesser included offense only if [citation] "there is evidence which, if accepted by the trier of fact, would absolve [the] defendant from guilt of the greater offense" [citation] *but not the lesser*. [Citations.]' [Citation.]" (*People v. Lopez* (1998) 19 Cal.4th 282, 287-288.)

The elements of Vehicle Code section 2800.2, felony evading a police officer, are identical to Vehicle Code section 2800.1, misdemeanor evading a police officer, making the latter a necessarily lesser included offense of the former (*People v. Springfield* (1993) 13 Cal.App.4th 1674, 1679-1680), except that Vehicle Code section 2800.2 adds one

4

additional element: "the pursed vehicle is driven in a willful or wanton disregard for the safety of persons or property . . . ." (Veh. Code, § 2800.2, subd. (a).) Subdivision (b) of Vehicle Code section 2800.2 defines willful or wanton disregard as including, but not limited to, "driving while fleeing or attempting to elude a pursuing officer during which time either three or more violations that are assigned a traffic violation point count under Section 12810 occur, or damage to property occurs."

So, the question here is whether the record contains evidence which, if accepted by the jury, would allow the jury to find that defendant fled from the officers, but did so while committing fewer than three traffic violations and damaging no property.

In his opening brief, defendant does not point to any evidence whatsoever that would show he committed the evasion crime but without driving recklessly, and we have not found any. For example, the jury did not hear any evidence that defendant was driving the fleeing car but did not violate three or more traffic laws, or that he did not cause any property damage. Rather, the crux of the defense case was that defendant was not driving the car at all. Neither did the defense cross-examination of the police officers reveal any evidence that defendant was driving the fleeing vehicle but did not drive recklessly.

To the contrary, the only evidence the jury heard as to whether defendant drove recklessly is the following: After Officer Schmidt activated the police car's siren and lights, defendant drove about 60 miles per hour through a residential neighborhood (first traffic violation), ran a stop sign (second traffic violation), turned left without using a turn signal (third traffic violation), turned left again without using a turn signal (fourth traffic

5

violation), crashed into a curb and hit a sign post, causing property damage to both the vehicle he was driving and the sign post. Defendant did not present any evidence to counteract the evidence regarding his reckless driving. For this reason, the jury would have had no evidentiary basis upon which to convict defendant of misdemeanor evading a peace officer, and so there was not error in not instructing the jury on the misdemeanor offense.

2. *Pitchess Motion*

Defendant requests that we review independently the sealed transcript of the *Pitchess* examination to determine whether the trial court abused its discretion in ruling that there were no discoverable materials to be produced to the defense.

A criminal defendant has a limited right to discovery of peace officer personnel records based on the fundamental proposition that a defendant is entitled to a fair trial and an intelligent defense in light of all relevant and reasonably accessible information. (*City of San Jose v. Superior Court* (1998) 67 Cal.App.4th 1135, 1141.) An accused may compel discovery by demonstrating that the requested information will facilitate the ascertainment of facts and a fair trial. (*Ibid.*)

In order to obtain discovery of the personnel records of a peace officer, the moving party must submit affidavits showing good cause for such discovery and setting out the materiality of the information requested. (Evid. Code, § 1043, subd. (b).) Under *Pitchess*, a defendant demonstrates good cause for discovery when the defendant shows the information requested is (1) relevant to a defense, (2) necessary in that the defendant could not readily obtain the information through his own efforts, and (3) described with

adequate specificity to preclude the possibility that the defendant was engaging in a fishing expedition. (*Pitchess*, *supra*, 11 Cal.3d at pp. 537-538.) Evidence Code section 1045 provides that if production is warranted, the trial court must examine the personnel files in camera to determine whether they contain any relevant information.

Defendant filed his *Pitchess* motion on October 4, 2012, and on November 2, 2012, the trial court granted the motion and conducted an in camera review of the materials pertaining to Deputies Schmidt and Moline. The court found no discoverable material and ordered the records sealed. Because defendant was not present at the records review hearing, he requests this court to conduct an independent review of the sealed transcript of the hearing to determine whether any error occurred. The People do not oppose this request.

We have reviewed the sealed reporter's transcript of the *in camera Pitchess* motion proceeding. We conclude the trial court properly exercised its discretion in excluding from disclosure the deputies' personnel records. (*People v. Samayoa* (1997) 15 Cal.4th 795, 827.)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
                                                                P. J.

We concur:

McKINSTER
                        J.

KING
                        J.

8