[No. B153002. Second Dist., Div. Three. Feb. 15, 2002.]

CITY OF LOS ANGELES, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CLINTON DAVENPORT, Real Party in Interest.

## COUNSEL

Rockard J. Delgadillo, City Attorney, Cecil W. Marr, Assistant City Attorney, Kim Rodgers Westhoff and Travis S. Austin, Deputy City Attorneys, for Petitioner.

No appearance for Respondent.

Bruce A. Hoffman, Alternate Public Defender, Felicia Kahn Grant and Elizabeth Seykora, Deputy Alternate Public Defenders, for Real Party in Interest.

## OPINION

**CROSKEY, J.**—Petitioner, the Los Angeles Police Department, represented by the Los Angeles City Attorney's Office, seeks a writ of mandate directing the trial court to vacate its order granting a *Pitchess*[1] motion brought by real party in interest, Clinton Davenport. The city attorney requests that the trial court be directed to enter an order denying the *Pitchess* motion or to enter an order allowing the city attorney to review the sealed affidavit submitted in support of that motion.

We conclude the trial court erred in refusing to allow the city attorney to review the affidavit filed in support of Davenport's motion. Although a criminal defendant's right to confidentiality must be protected, in proceedings held pursuant to Evidence Code section 1043 the question whether the defendant has shown good cause should be, whenever possible, tested by the adversary process. In the present matter, the city attorney's office is not the prosecuting agency. Under these circumstances, Davenport's rights will be

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305].

protected and the city attorney's right to contest the affidavit submitted in support of Davenport's *Pitchess* motion will be accommodated by allowing the city attorney to review the affidavit under a protective court order. We accordingly will issue a writ of mandate so directing the trial court.

### FACTUAL AND PROCEDURAL BACKGROUND

Real party in interest, Clinton Davenport, is a criminal defendant in a pending action (*People v. Davenport* (Super. Ct. L.A. County, No. SA041586)). On August 20, 2001, Davenport served on the discovery unit of the Los Angeles Police Department a *Pitchess* motion seeking to discover the personnel records of seven officers. The officers had participated in a search of Davenport's apartment and his subsequent arrest.[2] In his motion, Davenport requested all records pertaining to any "acts of aggressive behavior, violence, excessive force, or attempted violence or excessive force, threatening and/or coercive behavior, DISHONESTY, false imprisonment or arrest, improper search and seizure, fabrication of charges and/or evidence, [and] improper tactics[,] abuse or mistreatment based upon any of the following: gender, race/ethnicity, nationality, or sexual orientation . . . ." (Capitalization in original.) Pursuant to Evidence Code section 1043, Davenport filed an affidavit in support of his motion.[3] The affidavit was, however, filed under seal. Accordingly, the Los Angeles City Attorney's Office, acting as the Los Angeles Police Department's counsel, was not provided with a copy.

At a hearing held on September 6, 2001, the trial court granted Davenport's *Pitchess* motion. In making its ruling, the trial court indicated that Davenport's affidavit, filed under seal, provided "a legitimate legal basis" for the granting of the motion and that to allow the People to review the affidavit would jeopardize Davenport's defense and right to a fair trial. When the city attorney argued that the affidavit could be filed on information and belief by defense counsel and thus could be presented in such a way as to protect the defendant's constitutional privilege against self-incrimination, the trial court stated, "Well, the issue here is not necessarily whether [the affidavit was made by] the defendant or defense counsel. It has to do with the issues relating to strategy, the defense . . . —the factual basis for

---

[2]During the search, the officers found a large off-white rock resembling cocaine, a 10-gram scale, a razor blade, which contained off-white powder resembling rock cocaine residue, and $340 in cash.

[3]Subdivision (b)(3) of Evidence Code section 1043 provides that any motion for police officer personnel records shall include "[a]ffidavits showing good cause for the discovery or disclosure sought, setting forth the materiality thereof to the subject matter involved in the pending litigation and stating upon reasonable belief that the governmental agency identified has the records or information from the records."

the *Pitchess* [motion] would not be something that the defense would have to disclose . . . . [¶] And, you know, we're balancing the right of a defendant to get a fair trial because of the issue relating to not alerting the other side, especially if you think they're not telling the truth, which this all boils down to, versus the [police officer's] right to privacy. And I suppose that's why they put us in the middle and they give us the opportunity to look in camera."

The city attorney then suggested that defense counsel provide the city attorney's office with a copy of the declaration "subject to a protective order." The city attorney continued, "We could file our response under seal with the court. As the court knows, we are not the prosecution, we are a real party in interest [appearing on behalf of the police department]. So any defense strategy could be preserved . . . by filing our opposition under seal with the court." The trial court responded, "Well, I can tell you that factually the declaration under seal is supportive of a *Pitchess* request. So that's an alternative, and maybe it would be a good one if it were close. It's not close. I mean, if I thought there was something out there that you could really defeat the request with, I think you might have a good idea, but I don't."

The court performed in camera reviews of two of the named officers' personnel files, then continued the matter to September 14, 2001. At the September 14 proceedings, the court performed in camera reviews of the remaining five officers' files and determined that certain information was responsive to the *Pitchess* request and should be disclosed to Davenport. The compliance date was set for Wednesday, September 19, 2001. The Los Angeles City Attorney's Office, on behalf of the Los Angeles Police Department, filed the present petition for writ of mandate on September 17, 2001. The city attorney asserted the trial court's ruling granting the *Pitchess* motion on the basis of an affidavit submitted under seal was improper in that it prevented "any meaningful adversarial challenge" to the motion. On September 18, 2001, this court stayed all further proceedings in the matter pending determination of this petition. On September 25, 2001, we issued an order to show cause why the relief requested in the petition should not be granted and set the matter on calendar for oral argument.

## DISCUSSION

"In 1978, the California Legislature codified the privileges and procedures surrounding what had come to be known as '*Pitchess* motions' (after [the court's] decision in *Pitchess* v. *Superior Court*[, *supra*,] 11 Cal.3d 531 . . .) through the enactment of Penal Code sections 832.7 and 832.8 and Evidence Code sections 1043 through 1045. The Penal Code provisions

define 'personnel records' (Pen. Code, § 832.8) and provide that such records are 'confidential' and subject to discovery only pursuant to the procedures set forth in the Evidence Code. (Pen. Code, § 832.7.) Evidence Code sections 1043 and 1045 set out the procedures for discovery in detail. As here pertinent, section 1043, subdivision (a) requires a written motion and notice to the governmental agency which has custody of the records sought, and subdivision (b) provides that such motion shall include, inter alia, '(2) A description of the type of records or information sought; and [¶] (3) Affidavits showing good cause for the discovery or disclosure sought, setting forth the materiality thereof to the subject matter involved in the pending litigation and stating upon reasonable belief that such governmental agency identified has such records or information from such records.' " (*City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 81-83 [260 Cal.Rptr. 520, 776 P.2d 222], fns. omitted.)

"A finding of 'good cause' under [Evidence Code] section 1043, subdivision (b) is only the *first* hurdle in the discovery process. Once good cause for discovery has been established, section 1045 provides that the court shall then examine the information 'in chambers' [and determine whether it should be released]." (*City of Santa Cruz v. Municipal Court, supra,* 49 Cal.3d at p. 83.) The "relatively low threshold" for discovery embodied in section 1043 requires a showing of good cause for discovery in two general categories: (1) the materiality of the information to the subject matter involved in the pending litigation, and (2) a reasonable belief that the governmental agency has access to the information. These fairly simple requirements are offset by section 1045's significant "protective provisions." (*City of Santa Cruz,* at p. 83.) Those provisions "(1) explicitly 'exclude from disclosure' certain enumerated categories of information ([Evid. Code,] § 1045, subd. (b)); (2) establish a procedure for in camera inspection by the court prior to any disclosure ([Evid. Code,] § 1045, subd. (b)); and (3) issue a forceful directive to the courts to consider the privacy interest of the officers whose records are sought and take whatever steps 'justice requires' to protect the officers from 'unnecessary annoyance, embarrassment or oppression.' [Evid. Code,] § 1045, subds. (c), (d) & (e).)" (*Id.* at pp. 83-84.) As the court stated in *City of Santa Cruz v. Municipal Court,* "The statutory scheme . . . carefully balances two directly conflicting interests: the peace officer's just claim to confidentiality, and the criminal defendant's equally compelling interest in all information pertinent to his defense." (*Id.* at p. 84.) Ultimately, whether a motion to discover police personnel records has been supported by an affidavit sufficient to show good cause and materiality of the requested information to the subject matter involved in the pending litigation is a factual determination made by the court in its sound discretion. (*Pitchess v. Superior Court, supra,* 11 Cal.3d at p. 535.)

A number of cases have considered whether particular affidavits met the requirements set forth in Evidence Code section 1043, subdivision (b)(3)[4] (see e.g. *City of Santa Cruz v. Municipal Court, supra,* 49 Cal.3d at pp. 84-85; *California Highway Patrol v. Superior Court, supra,* 84 Cal.App.4th at pp. 1022-1025; *People v. Hustead* (1999) 74 Cal.App.4th 410, 416-418 [87 Cal.Rptr.2d 875]; *City of San Jose v. Superior Court* (1998) 67 Cal.App.4th 1135, 1145-1150 [79 Cal.Rptr.2d 624]; *People v. Gill* (1997) 60 Cal.App.4th 743, 750 [70 Cal.Rptr.2d 369]). However, we have found no cases where the law enforcement officers' counsel was precluded from reviewing the defendant's or defense counsel's affidavit because it was filed under seal, and the trial court nevertheless determined the affidavit was sufficient to show good cause and materiality.

In arguing that it has a right to review the affidavits filed by Davenport's counsel, the city attorney relies primarily on this court's decision in *City of Alhambra v. Superior Court* (1988) 205 Cal.App.3d 1118 [205 Cal.App.3d 1556d, 252 Cal.Rptr. 789]. In that case, which involved a general discovery motion, *not* a *Pitchess* motion, the defendant in a multiple murder case filed a motion in the trial court for discovery of 12 specific homicide/police reports being held by the district attorney's office. "To preserve the confidentiality of the defense, defendant's attorney submitted a separate declaration under seal for in camera inspection and review. . . . [T]he trial judge granted defendant's discovery motion and ordered that 'the summary of the investigator' of the 12 crimes be made available to defendant . . . ." (*Id.* at p. 1127.) The district attorney filed a petition for writ of mandate directing the trial court to annul or vacate its order.

The People first argued that, "since the defendant's ex parte discovery motion . . . was in a declaration that was sealed, the prosecutor was forced to speculate that it pertained to modus operandi evidence and, as a result, the People were denied a fair hearing . . . ." (*City of Alhambra v. Superior Court, supra,* 205 Cal.App.3d at p. 1129.) The court noted that it was for the trial court to determine whether a defendant's claim of confidentiality was warranted. "In making this determination[,] the trial court must recognize that while ex parte hearings may be necessary to protect a defendant's rights

---

[4]As previously stated, affidavits must show "good cause for the discovery or disclosure sought [and] set[] forth the materiality thereof to the subject matter involved in the pending litigation." (Evid. Code, § 1043, subd. (b)(3); see also *California Highway Patrol v. Superior Court* (2000) 84 Cal.App.4th 1010, 1020 [101 Cal.Rptr.2d 379] ["The California Supreme Court has clarified the meaning of the 'good cause' requirement in Evidence Code sections 1043 and 1045. A showing of 'good cause' requires defendant to demonstrate the relevance of the requested information by providing a 'specific factual scenario' which establishes a 'plausible factual foundation' for the allegations of officer misconduct committed in connection with defendant."].)

[citation], it does not follow that the prosecutor (or interested third parties), must be precluded from effective participation . . . . If that were the rule, all defense discovery motions would soon be made and conducted in camera, to the detriment of our system of criminal justice in that those proceedings would not then be tested by the stringent and wholesome requirements of adversary litigation. The basic elements of due process are reasonable notice and an opportunity to be heard. The People (and interested third parties) are entitled to that process no less than the defendant." (*Id.* at pp. 1130-1131, fn. omitted.)

The court indicated that, when confronted with such a situation, the trial court should hold an ex parte in camera hearing to first determine "how much, if any, of the matters submitted . . . must remain confidential. A balance must be struck between the requirement that a defendant make a plausible justification for the requested discovery and the limitations on prosecutorial discovery. It is conceivable that if too much is required of a defendant, he could be forced to reveal anticipated defense strategy." (*City of Alhambra v. Superior Court, supra,* 205 Cal.App.3d at p. 1131.)

With regard to the case before it, the court indicated the People's argument—that the filing of defense counsel's declarations under seal for in camera inspection and review denied them a fair hearing—was without merit. The court stated, "The People made no objection to this procedure in the trial court. It cannot now be raised for the first time in a petition for an extraordinary writ. [Citation.] Further, from the record it appears that the People were *in fact* afforded a fair hearing. The deputy district attorney was well prepared and argued the motion at length, surmising that defendant was contending that there may be similar modus operandi in the crimes for which the reports were sought and thus should be allowed to inspect those reports." (*City of Alhambra v. Superior Court, supra,* 205 Cal.App.3d at p. 1135.)

■ In the present case, the city attorney asserts that, unlike the district attorney in the *City of Alhambra* case, he was not afforded a fair adversarial hearing. Moreover, although the present matter involves a *Pitchess* motion, while the *City of Alhambra* case involved a general motion for discovery, the same principles should apply.

It has been recognized that the policy behind Evidence Code sections 1043 and 1045 is one which "carefully balances two directly conflicting interests: the peace officer's just claim to confidentiality, and the criminal defendant's equally compelling interest in all information pertinent to his defense." (*City of Santa Cruz v. Municipal Court, supra,* 49 Cal.3d at p. 84.) A showing of good cause for discovery under section 1043 can be made by

meeting a relatively low threshold; a defendant must show the materiality of the information sought and indicate that he or she has a reasonable belief that the particular governmental agency has access to that information. Once a showing of good cause has been made, it is for the trial court to implement Evidence Code section 1045's provisions enacted to protect a police officer's right to privacy. Under this system, it is the first step which affords the parties the opportunity to argue their cases. As we stated in *City of Alhambra v. Superior Court, supra,* 205 Cal.App.3d at page 1130, although courts must take care to avoid undue disclosure of defense strategy, "it does not follow that the prosecutor *(or interested third parties),* must be precluded from effective participation in an important pretrial matter merely because the defendant asserts that the factual or legal showing made in support of a particular motion should remain confidential." (Italics added.) Accordingly, we determine that in proceedings held pursuant to Evidence Code section 1043, the question whether the defendant has shown "good cause" should be, whenever possible, tested by adversarial proceedings.

In the present case, the trial court refused to allow the city attorney to review Davenport's affidavit because to allow such review would jeopardize Davenport's defense and right to a fair trial by revealing his trial strategy. However, as the city attorney has pointed out, the city attorney's office is not the agency "prosecuting" Davenport.

█ A "prosecutor" is "[o]ne who prosecutes another for a crime in the name of the government. . . . A 'prosecutor' is one who takes charge of [a] case and performs [the] function of trial lawyer for the people, as does a district attorney." (Black's Law Dict. (5th ed. 1979) p. 1099, col. 2.) With regard to the general disclosure of exculpatory evidence, it has been determined that the "prosecutor" also includes "a person or agency that has been used by the prosecutor or [an] investigating agency [used] to assist the prosecution . . . ." *(People v. Superior Court (Barrett)* (2000) 80 Cal.App.4th 1305, 1315 [96 Cal.Rptr.2d 264].) "The important determinant is whether the person or agency has been 'acting on the government's behalf' [citation] or 'assisting the government's case.' " *(Ibid.)*

█ In support of its petition, the city attorney's office has submitted a declaration by the deputy city attorney assigned to this matter. The affidavit clearly indicates that, in this case, the city attorney can be considered neither the prosecutor nor an assistant to the prosecutor. The deputy states that his "unit specializes in *Pitchess* motions" and that his " 'client' on the motion[] is the Custodian of Records of the [Los Angeles Police Department]." The deputy city attorney continues: "My unit represents the [Los Angeles Police Department] strictly in its record-keeping capacity. The Office has 'fire-walls' set up internally so that my unit does not share information or

communicate with other units which may get involved [in] the substantive facts of cases, such as those units which prosecute matters for the City. Nearly all of the judges I have appeared before have made comments during the hearing to indicate that they understand that the Custodian of Records is not the Prosecution . . . . [¶] . . . [¶] I have reviewed and opposed nearly one hundred *Pitchess* motions . . . . I have spoken with many of the Custodians and several [Los Angeles Police Department] Officers about their complaint-taking procedures. I have also reviewed the [Los Angeles Police Department] Manual with respect to complaint-taking procedures, and have noticed that the Manual states all complaints made must be formally taken and made into a Department record. . . . [I]t is my understanding that the [Los Angeles Police Department] personnel strictly adhere to this policy. . . . [¶] Although the attorneys in my section are indeed advocates for the Custodian of Records, if the [*Pitchess*] motion states specific facts, which are plausible, as to material matters, we concede to *in camera* reviews. It is my understanding that [concession by our agency] to *in camera* review as to at least some allegations made by a motion is both frequent and routine. In my personal experience, at least one District Attorney became very angry when I disagreed about whether I should concede to the disclosure of certain peace officer personnel information. . . . [¶] However, it is my experience that the majority of District Attorneys acknowledge that the City is its own entity with its own interests to protect and disclosure guidelines to follow, and they respect the City's pursuit of those interests and duties." (Underscoring and italics in original.)

Davenport filed under seal with this court a copy of his counsel's affidavit submitted in support of his *Pitchess* motion. We have reviewed the affidavit and conclude that to allow the city attorney to review it, under a protective order, will in no way compromise Davenport's defense or right to a fair trial. Likewise, Davenport's rights will not be jeopardized if, should the city attorney wish to file a response or opposition regarding the contents of the affidavit, it does so under seal. These procedures will protect the defendant's right to confidentiality and at the same time allow the matter to be properly "tested by the stringent and wholesome requirements of adversary litigation." (*City of Alhambra v. Superior Court, supra,* 205 Cal.App.3d at p. 1130.)

## DISPOSITION

The order to show cause previously issued is hereby discharged. A peremptory writ of mandate shall issue directing the trial court to vacate its September 6, 2001, order refusing to allow the deputy city attorney assigned to this case to review the affidavit filed by Davenport's counsel in support of

Davenport's *Pitchess* motion and to enter instead an order allowing the city attorney to review, under protective court order, the affidavit. Should the city attorney wish to file a response or opposition regarding the contents of the affidavit, it must do so under seal to the trial court. After the city attorney has had the opportunity to review and respond to Davenport's counsel's affidavit, the court shall take such further action as is appropriate and in accordance with the views expressed herein. The stay of proceedings previously issued shall be vacated as of the date of the remittitur herein. Each party is to bear its own costs.

Klein, P. J., and Kitching, J., concurred.

On February 21, 2002, the opinion was modified to read as printed above.