63 Cal.Rptr.3d 948 (2007)
42 Cal.4th 63
163 P.3d 939
Jose Antonio GARCIA, Petitioner,
v.
The SUPERIOR COURT of Orange County, Orange County Respondent;
City of Santa Ana, Real Party in Interest.
No. S127432.
Supreme Court of California.
August 9, 2007.
*951 Deborah A. Kwast, Public Defender, Thomas Havlena, Chief Deputy Public Defender, Kevin Phillips, Assistant Public Defender, and Donald E. Landis, Jr., Deputy Public Defender, for Petitioner.
No appearance for Respondent.
Joseph W. Fletcher, City Attorney, and Paula J. Coleman, Assistant City Attorney, for Real Party in Interest.
Rockard J. Delgadillo, City Attorney (Los Angeles), Claudia McGee Henry, Assistant City Attorney, and Kim Rodgers Westhoff, Deputy City Attorney, for League of California Cities and California State Association of Counties as Amici Curiae on behalf of Real Party in Interest.
CORRIGAN, J.
Jose Antonio Garcia filed a motion for discovery of law enforcement personnel records under Pitchess v. Superior Court (1974) 11 Cal.3d 531, 113 Cal.Rptr. 897, 522 P.2d 305 (Pitchess). In support, he filed a declaration under seal asserting, inter alia, that the declaration contained information protected by the attorney-client[1] and work product privileges.[2] The question here is whether he is permitted to do so, and if so, whether release of the declaration to the police department's attorney, subject to a protective order, provides a sufficient safeguard. We conclude that the trial court may permit a defendant to file a Pitchess declaration under seal if the court determines that such a filing is necessary. A declaration filed under seal must be redacted before being served on the city attorney. We therefore affirm the judgment of the Court of Appeal.

I. Factual and Procedural Background
Garcia was involved in an altercation with officers while being booked in the Santa Ana City jail. He ultimately brought the Pitchess motion at issue here, accompanied by a "Sealed Declaration of Defense Counsel." He served the City of Santa Ana (City) with a redacted copy of the declaration. The City opposed the Pitchess motion, asserting as relevant here that it could not adequately respond because the declaration was sealed.
The trial court reviewed the sealed declaration in camera. It concluded certain portions were privileged and ordered them redacted. It found other portions could be provided to the City under the safeguard of a protective order, relying on City of Los Angeles v. Superior Court (2002) 96 Cal.App.4th 255, 116 Cal.Rptr.2d 807 (Davenport).[3]
Garcia sought writ review of the order directing release of the unredacted portions of the declaration under a protective order, contending these contained attorney-client and work product information. *952 The City in turn asserted that it should be permitted to review the entire declaration under a protective order. The Court of Appeal granted Garcia's writ petition, and held as follows. Defense counsel may file a Pitchess declaration under seal. If, after in camera review, the trial court agrees with the privilege claim, the declaration should be redacted before being served on the City. Disagreeing with Davenport, supra, 96 Cal.App.4th 255, 116 Cal.Rptr.2d 807, the Court of Appeal concluded that a protective order would not sufficiently protect Garcia's interests.
We granted the City's petition for review.[4]

II. Discussion

A. Background
In Pitchess, supra, 11 Cal.3d 531, 113 Cal.Rptr. 897, 522 P.2d 305, "we recognized that a criminal defendant may, in some circumstances, compel the discovery of evidence in [a] law enforcement officer's personnel file that is relevant to the defendant's ability to defend against a criminal charge. `In 1978, the California Legislature codified the privileges and procedures surrounding what had come to be known as "Pitchess motions" ... through the enactment of Penal Code sections 832.7[[5]] and 832.8 and Evidence Code sections 1043[[6]] through 1045.' (City of Santa *953 Cruz v. Municipal Court (1989) 49 Cal.3d 74, 81, 260 Cal.Rptr. 520, 776 P.2d. 222 (Santa Cruz)....) By providing that the trial court should conduct an in camera review, the Legislature balanced the accused's need for disclosure of relevant information with the law enforcement officer's legitimate expectation of privacy in his or her personnel records." (People v. Mooc (2001) 26 Cal.4th 1216, 1219-1220, 114 Cal.Rptr.2d 482, 36 P.3d 21 (Mooc).)
To obtain Pitchess information, the defendant must file a written motion. (§ 1043, subd. (a).) It must describe "the type of records or information sought" and include "[a]ffidavits showing good cause for the discovery or disclosure sought, setting forth the materiality thereof to the subject matter involved in the pending litigation and stating upon reasonable belief that the governmental agency identified has the records or information from the records."[7] (§ 1043, subd. (b)(2) & (3).) This good cause showing is a "relatively low threshold for discovery." (Santa Cruz, supra, 49 Cal.3d at p. 83, 260 Cal. Rptr. 520, 776 P.2d 222.) Assertions in the affidavits "may be on information and belief and need not be based on personal knowledge [citation], but the information sought must be requested with sufficient specificity to preclude the possibility of a defendant's simply casting about for any helpful information." (Mooc, supra, 26 Cal.4th at p. 1226, 114 Cal.Rptr.2d 482, 36 P.3d 21.) If the defendant establishes good cause, the court must review the records in camera to determine what, if any, information should be disclosed. (Ibid.; § 1045, subd. (b).)
We discussed what constitutes a good cause showing of materiality in Warrick v. Superior Court (2005) 35 Cal.4th 1011, 29 Cal.Rptr.3d 2, 112 P.3d 2 (Warrick). The supporting affidavit "must propose a defense or defenses to the pending charges." (Id. at p, 1024, 29 Cal.Rptr.3d 2, 112 P.3d 2.) To show the requested information is material, a defendant is required to'"establish not only a logical link between the defense proposed and the pending charge, but also to articulate how the discovery being sought would support such a defense or how it would impeach the officer's version of events." (Id. at p. 1021, 29 Cal.Rptr.3d 2, 112 P.3d 2.) The information sought must be described with some specificity to ensure that the defendant's request is "limited to instances of officer misconduct related to the misconduct asserted by the defendant." (Ibid.)
Counsel's affidavit must also describe a factual scenario that would support a defense claim of officer misconduct. (Warrick, supra, 35 Cal.4th at pp. 1024-1025, 29 Cal.Rptr.3d 2, 112 P.3d 2.) "That factual scenario, depending on the circumstances of the case, may consist of a denial *954 of the facts asserted in the police report." (Ibid.) "In other cases, the trial court hearing a Pitchess motion will have before it defense counsel's affidavit, and in addition a police report, witness statements, or other pertinent documents. The court then determines whether defendant's averments, `[v]iewed in conjunction with the police reports' and any other documents, suffice to `establish a plausible factual foundation' for the alleged officer misconduct and to `articulate a valid theory as to how the information sought might be admissible' at trial." (Id. at p. 1025, 29 Cal. Rptr.3d 2, 112 P.3d 2.) Corroboration of or motivation for alleged officer misconduct is not required. (Ibid.) Rather, "a plausible scenario of officer misconduct is one that might or could have occurred." (Id. at p. 1026, 29 Cal.Rptr.3d 2, 112 P.3d 2.) A scenario is plausible when it asserts specific misconduct that is both internally consistent and supports the proposed defense. (Ibid.) "A defendant must also show how the information sought could lead to or be evidence potentially admissible at trial." (Ibid.) A defendant who meets this burden has demonstrated the materiality requirement of section 1043. (Warrick, at p. 1026, 29 Cal.Rptr.3d 2, 112 P.3d 2.)

B. Analysis

1. Whether a Pitchess declaration may be tiled under seal
We first consider whether a Pitchess affidavit may be filed under seal. Nothing in the relevant statutes precludes such a filing. Indeed, a trial court has inherent discretion to allow documents to be filed under seal in order to protect against revelation of privileged information. (See Izazaga, supra, 54 Cal.3d at p. 383, fn. 21, 285 Cal.Rptr. 231, 815 P.2d 304.), The courts have recognized the efficacy of similar procedures to protect the interests of both the accused and law enforcement. For example, in the context of a subpoena duces tecum, "declarations and other supporting evidence may be submitted to the trial court for in camera examination" to protect a defendant's constitutional rights. (City of Alhambra v. Superior Court (1988) 205 Cal.App.3d 1118, 1130, 252 Cal.Rptr. 789 (Alhambra).) Likewise, the "Legislature and the courts have ... sanctioned the procedure of sealing portions of a search warrant affidavit that relate facts or information which, if disclosed in the public portion of the affidavit, will reveal or tend to reveal a confidential informant's identity." (People v. Hobbs (1994) 7 Cal.4th 948, 963, 30 Cal.Rptr.2d 651, 873 P.2d 1246, italics omitted (Hobbs).)
While the trial court has discretion to permit filing of a Pitchess affidavit under seal, it is not "bound by defendant's naked claim of confidentiality." (Alhambra, supra, 205 Cal.App.3d at p. 1130, 252 Cal.Rptr. 789.) The Pitchess process itself requires the balancing of an accused's need for disclosure and the officer's expectation of privacy. Likewise, a ruling on a request to file under seal involves balancing an accused's interest in protecting privileged information against opposing counsel's right to effectively challenge the discovery motion. In ruling on a request to file under seal, a trial court must carefully weigh these competing concerns.
We note that particularly after Warrick,[8] a litigant in the vast majority of cases will be able to obtain Pitchess discovery without revealing privileged information. *955 Thus, filing under seal will usually be unnecessary. The Legislature has required only a minimal showing before a court reviews an officer's personnel record. Essentially, the defendant must propose a potential defense to the pending charge, articulate how the discovery might lead to or constitute evidence providing impeachment or supporting the defense, and describe an internally consistent factual scenario of claimed officer misconduct. Depending on the circumstances of the case, the scenario may be a simple denial of accusations in the police report or an alternative version of what might have occurred. (Warrick, supra, 35 Cal.4th at pp. 1024-1026, 29 Cal.Rptr.3d 2, 112 P.3d 2.) Because counsel need not disclose the source of the information asserted or how it was obtained, counsel generally is not required to reveal any attorney-client or work-product information.
In relatively few cases, counsel may conclude that privileged information should be included in the supporting affidavit. Even so, if other options short of a sealed filing exist, the trial court has discretion to request an amended affidavit. For example, in some cases, instead of providing defendant's statement of how events unfolded, the affidavit could simply deny the incident happened as described in the police report.
Therefore we hold that when counsel wishes to file a Pitchess affidavit under seal, the following procedure should be adhered to. Counsel should give "proper and timely notice" of the privilege claim (Alhambra, supra, 205 Cal.App.3d at p. 1131, 252 Cal.Rptr. 789), and provide the court with the affidavit the defense seeks to file under seal, along with a proposed redacted version. The proposed redacted version should be served on opposing counsel. The trial court must then conduct an in camera hearing on the request to file under seal. At that hearing, counsel should explain how the information proposed for redaction would risk disclosure of privileged material if revealed, and demonstrate why that information is required to support the motion. Opposing counsel should have an opportunity to propound questions for the trial court to ask in camera. (See Hobbs, supra, 7 Cal.4th at p. 973, 30 Cal.Rptr.2d 651, 873 P.2d 1246.) If the court concludes that parts of the affidavit do pose a risk of revealing privileged information, and that filing under seal is the only feasible way to protect that required information, the court may allow the affidavit to be so filed.
We also note that the Pitchess process generally does not implicate the Sixth or Fifth Amendment. Thus, the minimal showing required, along with the safeguards provided in this opinion, should ensure that a criminal defendant will not be forced to choose between pursuing discovery efforts by revealing privileged information or forgoing discovery to maintain a privilege.
These constitutional implications must be reviewed in the context of changes to California's related procedure for reciprocal discovery in criminal cases. As for the Sixth Amendment, in Alford v. Superior Court (2003) 29 Cal.4th 1033, 130 Cal. Rptr.2d 672, 63 P.3d 228 (Alford), this court held that the prosecutor is not entitled to information disclosed after a Pitchess motion, which we characterized as "essentially a third party discovery proceeding." (Alford, at pp. 1045-1046, 130 Cal.Rptr.2d 672, 63 P.3d 228.) "We are not suggesting that" notice of the motion to the prosecutor "include the affidavits and/or any other information in support of the Pitchess motion. (Cf. People v. Superior Court (Barrett) (2000) 80 Cal.App.4th 1305, 1320-1321, 96 Cal.Rptr.2d 264 [party seeking discovery of materials in possession of third party by means of subpoena *956 duces tecum not required to provide opposing party with notice of theories of relevancy of materials sought].)" (Alford, at p. 1045, fn. 5, 130 Cal.Rptr.2d 672, 63 P.3d 228.) In the context of a subpoena duces tecum, "the defense is not required, on pain of revealing its possible strategies and work product, to provide the prosecution with notice of its theories of relevancy of the materials sought, but instead may make an offer of proof at an in camera hearing. (People v. Superior Court (Barrett), supra, at pp. 1320-1321, 96 Cal. Rptr.2d 264.) A defendant's Sixth Amendment right to the assistance of counsel in the preparation of a case for trial likewise encompasses the assistance of, and confidential communication with, experts in preparing a defense. [Citation.] The right logically extends to the opportunity to investigate and develop evidence generally, such as impeachment evidence of the kind at issue here." (Alford, at pp. 1045-1046, 130 Cal.Rptr.2d 672, 63 P.3d 228.)
Alford relied on Barrett, which itself relied on cases preceding the 1990 passage of Proposition 115. (People v. Superior Court (Barrett), supra, 80 Cal.App.4th at pp. 1320-1321, 96 Cal.Rptr.2d 264.) Proposition 115 amended the California Constitution, and dramatically changed the criminal discovery landscape. One purpose of Proposition 115 was "[t]o provide that no discovery shall occur in criminal cases except as provided by this chapter, other express statutory provisions, or as mandated by the Constitution of the United States." (Pen.Code, § 1054, subd. (e).) In Izazaga, supra, 54 Cal.3d at page 379, 285 Cal.Rptr. 231, 815 P.2d 304, we held the reciprocal pretrial discovery provided for under Proposition 115 was congruent with the Sixth Amendment, and observed "that the Supreme Court has never struck down a discovery scheme as violative of the right to effective assistance of counsel." Thus, while privileged material may be filed under seal, Alford should not be read as concluding that a Pitchess affidavit stating theories regarding the relevance of the materials sought, or possible trial strategies, must be filed under seal and reviewed in camera.[9]
A defendant seeking Pitchess discovery need satisfy only a "relatively low threshold for discovery." (Santa Cruz, supra, 49 Cal.3d at p. 83, 260 Cal.Rptr. 520, 776 P.2d 222.) This procedure is unlike other contexts in which we have been cognizant of possible self-incrimination and fair trial issues, such as advance disclosure of intended penalty phase evidence that might jeopardize a guilt phase defense. (People v. Superior Court (Mitchell) (1993) 5 Cal.4th 1229, 1237, 1239, 23 Cal.Rptr.2d 403, 859 P.2d 102.) Generally, as with Proposition 115's compelled discovery provisions, nothing in the minimal Pitchess showing "would penalize exhaustive investigation or otherwise chill trial preparation of defense counsel such that criminal defendants would be denied the right to effective assistance of counsel under the Sixth Amendment." (Izazaga, supra, 54 Cal.3d at p. 379, 285 Cal.Rptr. 231, 815 P.2d 304.)
Nor, in most cases, are a defendant's Fifth Amendment rights implicated. The defendant need not make any statement to the court in support of a Pitchess motion, or sign an accompanying affidavit. The statements in counsel's affidavit can be made without further attribution. Under both the federal and state Constitutions, a defendant in a reciprocal discovery scheme has no valid self-incrimination claim against compelled disclosure of an alibi defense or defense witnesses. (Williams v. Florida (1970) 399 U.S. 78, 83, 90 S.Ct. *957 1893, 26 L.Ed.2d 446; Izazaga, supra, 54 Cal.3d at pp. 366-372, 285 Cal.Rptr. 231, 815 P.2d 304.) It follows that no such federal or state right generally exists when a defendant seeks discovery of confidential records, and the showing required may be made by his attorney on information and belief.
Defendant relies on the Alhambra, supra, 205 Cal.App.3d 1118, 252 Cal.Rptr. 789, holding that in the context of a subpoena duces tecum, "declarations and other supporting evidence may be submitted to the trial court for in camera examination" to protect a defendant's constitutional rights. (Id. at pp. 1130, 252 Cal.Rptr. 789.) The court observed, "Those constitutional rights have been characterized in Prudhomme v. Superior Court (1970) 2 Cal.3d 320, 325-326, 85 Cal.Rptr. 129, 466 P.2d 673, as prohibiting the compelled discovery of any defense information that conceivably might lighten the load the People must shoulder in proving their case-in-chief. This is based upon the defendant's right against self-incrimination which `forbids compelled disclosures which could serve as a "link in a chain" of evidence tending to establish guilt of a criminal offense....' (Id. at p. 326, 85 Cal.Rptr. 129, 466 P.2d 673.) See also, (In re Misener (1985) 38 Cal.3d 543, 546-551, 213 Cal.Rptr. 569, 698 P.2d 637.) We recognize that both Prudhomme and Misener are prosecutorial discovery cases while the case at bench involves the scope of permissible defense discovery. However, the same concerns regarding the defendant's privilege against self-incrimination are involved in either setting and the governing principles are unchanged." (Alhambra, at p. 1130, fn. 13, 252 Cal.Rptr. 789.) The court also noted, "It is conceivable that if too much is required of a defendant, he could be forced to reveal anticipated defense strategy." (Id at p. 1131, 252 Cal. Rptr. 789.)
While Alhambra correctly held that an affidavit containing privileged material may be filed under seal, its constitutional analysis is overly broad in light of the subsequent enactment of Proposition 115. In Izazaga, we observed, "The concept of `reciprocal' discovery mandated by article I, section 30(c) [of the California Constitution, added by Proposition 115] is inherently inconsistent with the roadblock to prosecutorial discovery created by our earlier interpretations of the state constitutional privilege against self-incrimination as developed in the Prudhomme line of cases." (Izazaga, supra, 54 Cal.3d at p. 371, 285 Cal.Rptr. 231, 815 P.2d 304.) "Therefore, to the extent that the Prudhomme line of cases impeded reciprocal discovery, article I, section 30(c) must be seen as abrogating those cases, and limiting the scope of the state constitutional privilege against self-incrimination as it relates to reciprocal discovery." (Izazaga, at p. 371, 285 Cal. Rptr. 231, 815 P.2d 304.)

2. Redaction or a Protective Order
If a court permits portions of an affidavit to be filed under seal, the question remains whether this sealed information can be revealed to the city attorney under a protective order.
In Davenport, supra, 96 Cal.App.4th at page 258, 116 Cal.Rptr.2d 807, the defendant seeking Pitchess discovery filed an affidavit under seal. When the trial court refused to allow the city attorney to review the document, the city attorney suggested that defense counsel provide a copy of the affidavit subject to a protective order. (Davenport, at pp. 258-259, 116 Cal. Rptr.2d 807.) The trial court denied the request, and after in camera review, ordered disclosure of the personnel records.
The city attorney filed a writ petition. (Davenport, supra, 96 Cal.App.4th at p. *958 259, 116 Cal.Rptr.2d 807.) Citing Alhambra, supra, 205 Cal.App.3d at page 1130, 252 Cal.Rptr. 789, the Court of Appeal observed that "`effective participation in an important pretrial matter'" should not be precluded "`merely because the defendant asserts that the factual or legal showing made in support of a particular motion should remain confidential.'" (Davenport, at p. 263, 116 Cal.Rptr.2d 807.) It placed great reliance on the fact that the city attorney's office was not the agency prosecuting Davenport. (Id. at pp. 263-264, 116 Cal.Rptr.2d 807.) "We have reviewed the affidavit and conclude that to allow the city attorney to review it, under a protective order, will in no way compromise Davenport's defense or right to a fair trial." (Id. at p. 264, 116 Cal.Rptr.2d 807.)
Contrary to the conclusion in Davenport and the City's claim here, the city attorney is not an entirely neutral third party. The parties vigorously debate the extent of the interaction between the city attorney and the officer whose records are sought, and whether the city attorney consults with the officer when responding to a Pitchess motion. While the City may be correct that it is an entity distinct from the prosecution, it nevertheless acknowledges that such an officer is its client. He is a holder of the privilege, and the city attorney speaks in defense of his privacy interest. (City of Hemet v. Superior Court (1995) 37 Cal.App.4th 1411, 1430, 44 Cal.Rptr.2d 532.) The officer is often "a prosecution witness or affiliated with the prosecution team." (Alford, supra, 29 Cal.4th at p. 1046, fn. 7, 130 Cal.Rptr.2d 672, 63 P.3d 228.)
The Court of Appeal here declined to adopt the Davenport reasoning, and concluded instead that redaction was required. We agree and disapprove City of Los Angeles v. Superior Court, supra, 96 Cal. App.4th 255, 116 Cal.Rptr.2d 807 (Davenport), to the extent it holds that a supporting Pitchess affidavit filed under seal may be released to the city attorney under a protective order.
This outcome is appropriate in light of the procedure set out here. A trial court will have determined that disclosure of identified portions of an affidavit would impinge upon privileged information, that those portions are necessary to support the Pitchess motion, and that filing under seal is the only feasible way to honor the privilege. This determination will not have been made merely on the defendant's assertion, but after a particularized showing scrutinized during an in camera hearing. As we have observed in other contexts, "mere disclosure of client confidences and attorney work product to third parties, in itself, would violate these privileges." (People v. Superior Court (Laff) (2001) 25 Cal.4th 703, 719, 107 Cal.Rptr.2d 323, 23 P.3d 563 [seized documents]; see § 915.)[10] A criminal defendant should not be forced to choose between pursuing discovery efforts by revealing privileged information or forgoing discovery to maintain a privilege.
We appreciate that when the affidavit is redacted, the resulting Pitches procedure will be less informed by adversarial debate. We have recognized other procedures, however, in which limitations on the adversarial process are necessary. Neither defense nor prosecution counsel are *959 present, for example, during in camera review of Pitchess records themselves. Thus, they cannot argue the discoverability of particular documents in the file. Similarly, when the defense moves to disclose the identity of a confidential informant, and the court holds an in camera hearing on the question, defense counsel is not entitled to attend the hearing and argue, subject to a protective order. In these analogous situations, we reasonably rely on trial courts to make the necessary factual findings, and for appellate courts to objectively review the record. We repose that same reliance here.[11]

III. Disposition
The Court of Appeal's judgment is affirmed.
WE CONCUR: GEORGE, C.J., KENNARD, J., BAXTER, WERDEGAR, CHIN, and MORENO, JJ.
NOTES
[1] See generally Evidence Code section 954; People v. Gurule (2002) 28 Cal.4th 557, 594, 123 Cal.Rptr.2d 345, 51 P.3d 224. All further undesignated statutory references are to the Evidence Code.
[2] Penal Code section 1054.6 "expressly limits the definition of `work product' in criminal cases to `core' work product, that is, any writing reflecting `an attorney's impressions, conclusions, opinions, or legal research or theories.' Thus, the qualified protection of certain materials under Code of Civil Procedure [section 2018.030, subdivision (b)], applicable in civil cases, is [not] available in criminal cases." (Izazaga v. Superior Court (1991) 54 Cal.3d 356, 382, fn. 19, 285 Cal. Rptr. 231, 815 P.2d 304, italics omitted (Izazaga).) We have held the "work product doctrine is not constitutionally founded." (Id. at p. 381, 285 Cal.Rptr. 231, 815 P.2d 304.)
[3] The trial court's specific rulings on the precise scope of the asserted privileges is unclear from this record. However, the correctness of the underlying privilege rulings is not at issue here.
[4] Following oral argument in this case, Garcia withdrew his Pitchess motion and pleaded guilty. Although technically this action renders the City's petition moot, we have exercised our inherent authority to retain this case in order to resolve the conflict and in view of the recurring nature of these issues. (See In re Sheena K. (2007) 40 Cal.4th 875, 879, 55 Cal.Rptr.3d 716, 153 P.3d 282; People v. Mancheno (1982) 32 Cal.3d 855, 859, fn. 1, 187 Cal.Rptr. 441, 654 P.2d 211; In re William M. (1970) 3 Cal.3d 16, 23, 89 Cal.Rptr. 33, 473 P.2d 737.)
[5] Penal Code section 832.7, subdivision (a), provides in relevant part: "Peace officer or custodial officer personnel records and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code."
[6] Section 1043 provides:

"(a) In any case in which discovery or disclosure is sought of peace or custodial officer personnel records or records maintained pursuant to Section 832.5 of the Penal Code or information from those records, the party seeking the discovery or disclosure shall file a written motion with the appropriate court or administrative body upon written notice to the governmental agency which has custody and control of the records. The written notice shall be given at the times prescribed by subdivision (b) of Section 1005 of the Code of Civil Procedure. Upon receipt of the notice the governmental agency served shall immediately notify the individual whose records are sought.
"(b) The motion shall include all of the following:
"(1) Identification of the proceeding in which discovery or disclosure is sought, the party seeking discovery or disclosure, the peace or custodial officer whose records are sought, the governmental agency which has Custody and control of the records, and the time and place at which the motion for discovery or disclosure shall be heard.
"(2) A description of the type of records or information sought.
"(3) Affidavits showing good cause for the discovery or disclosure sought, setting forth the materiality thereof to the subject matter involved in the pending litigation and stating upon reasonable belief that the governmental agency identified has the records or information from the records.
"(c) No hearing upon a motion for discovery or disclosure shall be held without full compliance with the notice provisions of this section except upon a showing by the moving party of good cause for noncompliance, or upon a waiver of the hearing by the governmental agency identified as having the records."
Section 1046 provides: "In any case, otherwise authorized by law, in which the party seeking disclosure is alleging excessive force by a peace officer or custodial officer, as defined in Section 831.5 of the Penal Code, in connection with the arrest of that party, or for conduct alleged to have occurred within a jail facility, the motion shall include a copy of the police report setting forth the circumstances under which the party was stopped and arrested, or a copy of the crime report setting forth the circumstances under which the conduct is alleged to have occurred within a jail facility."
[7] Here, counsel filed a declaration, not an affidavit. Code of Civil Procedure section 2015.5, with exceptions not relevant in the Pitchess context, "allows use of `unsworn' declarations made under penalty of perjury whenever state law `require[s] or permit[s]' facts to be evidenced by affidavits or other 'sworn' statements. A valid declaration has the same `force and effect' as an affidavit administered under oath." (Kulshrestha v. First Union Commercial Corp. (2004) 33 Cal.4th 601, 610, 15 Cal.Rptr.3d 793, 93 P.3d 386.) Because the statute speaks in terms of an affidavit, we generally use that term except when discussing the declaration filed in this case.
[8] The declaration in this case was filed before the Warrick, supra, 35 Cal.4th 1011, 29 Cal. Rptr.3d 2, 112 P.3d 2, decision.
[9] The City's petition for review raised only the question of information falling under the attorney-client or work product privilege. We limit our discussion to that question.
[10] Indeed, under the reciprocal discovery scheme, "[n]either the defendant nor the prosecuting attorney is required to disclose any materials or information which are work product as defined in subdivision (a) of Section 2018.030 of the Code of Civil Procedure, or which are privileged pursuant to an express statutory provision, or are privileged as provided by the Constitution of the United States." (Pen.Code, § 1054.6.)
[11] The trial court may, of course, consider the entire affidavit in determining whether a defendant has demonstrated good cause to discover Pitchess material. The unredacted affidavit, along with the transcript of the in camera privilege hearing, should be maintained under seal in the record. This process will strike a balance between the defendant's need for confidentiality and the opponent's right to meaningfully argue against the motion.